UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CHRISTINE FORDE,                                 CASE NO. 0:19-cv-62536-BB

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,
and ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendants

_____/

## DEFENDANT'S MOTION TO DISMISS AND ACCOMPANYING MEMORANDUM OF LAW

### INTRODUCTION

All Plaintiff's claims fail as a matter of law and should be dismissed.  First, Plaintiff's central theory, on which all her substantive causes of action are based, is that Defendants somehow violated Florida law by failing to disclose Plaintiff's purported entitlement to personal injury protection ("PIP") coverage for medical mileage costs.  Plaintiff's theory is legally unfounded.  There is no requirement that insurers specifically disclose potential PIP coverage for these costs.  Rather, under Florida law, only certain PIP disclosures are mandated, and it is not alleged that Defendant Allstate Fire and Casualty Company, Plaintiff's insurer, failed to provide Plaintiff with all that statutorily-required information, and in fact it did so.  Accordingly, Plaintiff's "failure to disclose" theory, and all her claims based thereon, fails as a matter of law.

Second, from the face of the Complaint, it is clear that Plaintiff failed to satisfy her Policy's proof of loss requirement.  Indeed, Plaintiff expressly alleges this in her Complaint, and her failure to satisfy this policy provision, along with her Policy's requirement of complying with

all Policy terms as a prerequisite to legal action, bars her lawsuit. Relatedly, Plaintiff fails to point to any contractual term that Defendants supposedly violated, which is another ground for dismissing her breach of contract claim.

Third, Plaintiff fails to allege she complied with Florida's pre-suit notice requirement, mandating written notice to insurers as a condition precedent to initiating litigation to recover PIP benefits. Plaintiff's failure to comply with this mandatory statutory requirement dooms all her claims.

In all events, all Plaintiff's claims against Defendant Allstate Insurance Company fail as a matter of law. Only one Defendant, Allstate Fire and Casualty Insurance Company, issued an insurance policy to Plaintiff. Plaintiff has no relationship with Allstate Insurance Company, and has alleged no valid basis for including Allstate Insurance Company as a Defendant in this action.

## BACKGROUND

Plaintiff alleges she purchased a personal injury protection coverage ("PIP") insurance policy from Defendants on or about August 12, 2016. (Compl., ¶ 6.) According to Plaintiff, her PIP Policy did not contain specific language informing her she was entitled to mileage reimbursement for visits to medical professionals for personal injuries covered by the PIP Policy. (*Id.,* ¶ 7.) Plaintiff alleges Defendants' agents never informed her at any time that she was entitled to mileage reimbursement for visits to medical professionals for personal injuries covered by her Policy, nor did Defendants have any advertising or promotional materials advising of any entitlement to such coverage. (*Id.,* ¶¶ 8, 9.)

Plaintiff alleges PIP coverage is required for the cost of transportation to and from medical providers, as set forth in *Malu v. Sec. Nat. Ins. Co.*, 898 So. 2d 69, 74 (Fla. 2005). (Compl., ¶ 10.) Plaintiff alleges that, on November 23, 2016, she was injured in an automobile

accident and, as a result, made numerous trips to medical providers, covering 14 miles per visit, for an approximate total of 308 miles.  (Compl., ¶¶ 11, 12.)  According to Plaintiff, she submitted a claim for PIP coverage under her PIP Policy, but since Defendants never advised her of her eligibility for medical mileage reimbursement, and her Policy did not refer to it, she did not request such benefits.  (Compl., ¶¶ 12-13.)

Plaintiff asserts eight causes of action:  Count I Breach of Contract; Count II Breach of Implied Contractual Covenant of Good Faith and Fair Dealing; Count III Unjust Enrichment; Count V [sic] Breach of Fiduciary Duty; Count VI [sic] Violations of Florida Statute §626.9541; Count VII [sic] Fraud; Count VIII [sic] Negligence [sic] Misrepresentation; and Count IX [sic] Declaratory Judgment.  (Compl., ¶¶ 18-61.)

## ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation and internal quotation omitted).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555).  Moreover, where the plaintiff's legal theories are invalid as a matter of law, dismissal with prejudice is warranted.  *See, e.g., Quire v. Miramar Police Dep't*, 595 Fed. App'x 883, 886 (11th Cir. 2014) ("the district court did not err in denying Quire leave to amend her complaint.  As the district court correctly noted, the problem with Quire's complaint is not that she failed to include certain factual matter or relied on overly generalized allegations; instead, the problem is that both her claims rely on theories of recovery

3

that are invalid as a matter of law.  Thus, a more carefully drafted complaint could not state a claim [and] dismissal with prejudice is proper.") (citation and internal quotations omitted).  As demonstrated below, dismissal is warranted here because Plaintiffs' Complaint allegations fail as a matter of law under all the above standards.

## I.   ALL PLAINTIFF'S CLAIMS BASED ON DEFENDANTS' PURPORTED FAILURE TO DISCLOSE THE AVAILABILITY OF MILEAGE REIMBURSEMENT BENEFITS ARE LEGALLY UNFOUNDED.

Plaintiff's central theory, upon which her entire Complaint rests, is that Defendants wrongfully failed to inform or disclose to Plaintiff (and all their other insureds since 1972) her alleged entitlement to medical mileage reimbursement under her PIP Policy.  But Plaintiff's "failure to disclose" theory fails as a matter of law because: (a) there is no requirement that PIP insurers specifically explain and disclose that insureds may seek reimbursement for medical mileage expenses; and (b) Allstate Fire in fact provided to Plaintiff the only notification of PIP coverage required by Florida law.

Specifically, Fla. Stat. Ann. § 627.7401, entitled "Notification of insured's rights," provides:

> 1) *The commission, by rule, shall adopt a form for the notification of insureds of their right to receive personal injury protection benefits under the Florida Motor Vehicle No-Fault Law. Such notice shall include*:
>
> (a) *A description of the benefits provided by personal injury protection, including, but not limited to, the specific types of services for which medical benefits are paid,* disability benefits, death benefits, significant exclusions from and limitations on personal injury protection benefits, when payments are due, how benefits are coordinated with other insurance benefits that the insured may have, penalties and interest that may be imposed on insurers for failure to make timely payments of benefits, and rights of parties regarding disputes as to benefits.
>
> * * *

> (2) Each insurer issuing a policy in this state providing personal injury protection benefits must mail or deliver the notice as specified in subsection (1) to an insured within 21 days after receiving from the insured notice of an automobile accident or claim involving personal injury to an insured who is covered under the policy. The office may allow an insurer additional time to provide the notice specified in subsection (1) not to exceed 30 days, upon a showing by the insurer that an emergency justifies an extension of time. . . .

Fla. Stat. Ann. § 627.7401 (emphasis added).

The statute thus requires that the Commissioner approve a form identifying the specific necessary PIP disclosures, and that insurers use that form.  The current form, NOTIFICATION OF PERSONAL INJURY PROTECTION BENEFITS, OIR-B1-1149 (Revised 1/2013) (copy attached as Exhibit A), is located on the Florida Department of Insurance website.

https://www.flrules.org/Gateway/reference.asp?No=Ref-02232.

Notably, the prescribed form, which was approved in 2013 -- long after the *Malu* case on which Plaintiff relies was decided -- does *not* specifically refer to reimbursement for medical mileage costs or otherwise require specific notice of coverage for such costs.  Because there is no requirement whatsoever in the statutorily prescribed form for specific disclosure of PIP coverage for medical mileage costs, Plaintiff's theory that Defendants somehow acted improperly by failing to specifically disclose such coverage is groundless.

Indeed, Allstate Fire gave the required PIP notice to Plaintiff, providing Plaintiff with a PIP notification form reciting all the required disclosures in the statutory notification form discussed above.  *See* Exhibit B hereto.[1]  In addition, the PIP coverage grant of Plaintiff's

---

[1] Documents central to a complaint, such as the Policy and the PIP notification form, may be considered on a motion to dismiss.  *See, e.g., Brooks v. Blue Cross & Blue Shield,* 116 F.3d 1364, 1369 (11th Cir.1997); *Five Five Five Realty Holdings, Inc. v. GLL BVK Properties, L.P.*, No. 09-61888-CIV, 2010 WL 11440942, *2 (S.D. Fla. June 8, 2010).

insurance policy states that Allstate Fire will pay for "reasonable expenses" -- which Plaintiff alleges here medical mileage costs were here.  *See* Policy, attached as Exhibit C, Florida Amendatory Endorsement AFA61-3, pp. 9-12.  Allstate Fire therefore provided all the PIP disclosures required under Florida law, which defeats all of Plaintiff's claims.

The case law setting forth the elements Plaintiff must plead and prove to prevail on her claims further demonstrates why dismissal is warranted here.  As set forth in *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1329 (11th Cir. 2012), a claimant asserting a cause of action for breach of the implied covenant of good faith must allege "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence; but, rather by a conscious and deliberate act, which unfairly frustrates the agreed common purpose and disappoints the reasonable expectations of the other party." (citations omitted).  Here, because Allstate Fire fulfilled its legal disclosure obligations to Plaintiff, there was no conscious or deliberate act which unfairly frustrated any common purpose.

The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff.  *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. 3d DCA 2018). Here, there was nothing improper or inequitable about Allstate Fire's PIP disclosures, which were fully compliant with Florida law.

To state a claim for breach of fiduciary duty, the plaintiff must allege three elements: the existence of a fiduciary duty, a breach of that duty, and plaintiff's damages proximately caused by the breach.  *Moscowitz v. Oldham*, 48 So. 3d 136, 138 (Fla. 5th DCA 2010).  For the reasons set

6

forth above, Allstate Fire had no duty to disclose any more than it did with regard to PIP benefits. So, contrary to Plaintiff's contention, there was no fiduciary duty to disclose anything more about PIP coverage and no breach of that duty.  Moreover, "Florida law typically recognizes no fiduciary relation between an insurer and an insured."  *Drilling Consultants, Inc. v. First Montauk Sec. Corp.*, 806 F. Supp. 2d 1228, 1238 (M.D. Fla. 2011).  *See also Hogan v. Provident Life & Acc. Ins. Co.*, No. 6:08-CV-1897-ORL-19K, 2009 WL 2169850, at *4 (M.D. Fla. July 20, 2009) ("As explained by Florida's Supreme Court, this claim is the equivalent of a common law bad faith claim, and Florida does not recognize a common law first-party bad faith cause of action because there is no fiduciary relationship between an insurer and an insured in this context:") (citing *Time Ins. Co. v. Burger*, 712 So. 2d 389, 391 (Fla. 1998)).

To prevail on a claim under Fla. Stat. § 626.9541(1)(a)(1), a plaintiff must show the insurer "Misrepresents the benefits, advantages, conditions, or terms of any insurance policy." The elements of fraud are "proof of (1) [a] misrepresentation of a material fact; (2) [t]he representor of the misrepresentation knew or should have known of the statement's falsity; (3). [i]ntent by the representor that the representation will induce another to rely and act on it; and (4) [r]esulting injury to the party acting in justifiable reliance on the representation."  *Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1308 (M.D. Fla. 2010) (citations and internal quotations omitted).  The elements of negligent misrepresentation are: "(1) [T]here was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the

misrepresentation".  *Id.* at 1307.  All Plaintiff's fraud-based claims fail because, as a matter of law, there was no misrepresentation here for all the reasons set forth above.

In sum, contrary to Plaintiff's central legal theory and Complaint allegations, Defendants had no obligation to disclose to her each and every aspect of PIP coverage, including the coverage for medical mileage about which she complains.  Rather, Allstate Fire's disclosure of PIP coverage was fully compliant with Florida law and the PIP notification form approved by the Insurance Commissioner.  Based on that alone, all Plaintiff's claims should be dismissed.

## II.    ALL PLAINTIFF'S CLAIMS FAIL BECAUSE SHE DID NOT SATISFY HER POLICY'S PROOF OF CLAIM REQUIREMENT.

Plaintiff's claims should also be dismissed based on her admitted failure to satisfy her Policy's proof of claim requirement.  Plaintiff has filed suit against Defendants even though her Policy expressly provides that she must submit a written proof of loss and that she is prohibited from suing where, as here, she has not complied with all the terms of her Policy.

Plaintiff's Policy provides:

> **Proof of Claim; Medical Reports**
>
> As soon as possible, **you** or any other person making claim must give **us** written proof of claim including all details reasonably required by **us** to determine any amounts payable. . . .

*See* Exhibit C, Florida Amendatory Endorsement AFA61-3, p. 1.  There is a similar "proof of claim" provision in the Policy's PIP coverage section  *Id.,* p. 14.  The Policy further provides:

> **Action Against Us**
>
> No one may sue **us** for any matter related to this policy unless there is full compliance with all terms of the policy.

*Id.,* p. 3.

8

When compliance with a proof of loss requirement "is made a condition precedent in an insurance policy, failure to do so will bar a claim even without a showing of prejudice to the insurer." *Yacht Club on the Intracostal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 944 F. Supp. 2d 1258, 1261 (S.D. Fla. 2013), *aff'd sub nom. Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 Fed. App'x 875 (11th Cir. 2015).  For example, in *Swaebe v. Fed. Ins. Co.*, 374 Fed. App'x 855, 857-58 (11th Cir. 2010), the Eleventh Circuit explained:

> The policy provides that "[i]f you have a loss this policy may cover, you must perform these duties....  At our request you must submit to us your signed sworn proof of loss on a form we have sent to you."  It further defines "you" as the insured.  The policy thus unambiguously required Swaebe to submit a signed sworn proof of loss.  In addition, Swaebe's failure to submit her proof of loss prior to filing suit breached the policy's "no action" provision, which provides that "[y]ou agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within five years after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined."  The undisputed record shows that Swaebe filed this lawsuit prior to complying with the provisions of her policy and before any proof of loss had been filed.  Swaebe thus breached the policy's "no action" provision—and because it is a condition precedent to recovery, under Florida law, Swaebe committed a material breach barring recovery.

*Id.* (footnote omitted).

Similarly, in *Ro-Ro Enterprises, Inc. v. State Farm Fire & Cas. Co.*, No. 93-1754-CIV, 1994 WL 16782171, at *2 (S.D. Fla. June 22, 1994), the relevant insurance policy expressly required the plaintiff to submit a sworn proof of loss within 60 days of the defendant's request, and further provided that "No one may bring legal action against us under this insurance unless . . there has been full compliance with all of the terms of this insurance."  The court held the plaintiff's suit was barred based on its failure to comply with these terms:

9

> [T]he insurance policy upon which Plaintiff's suit is predicated requires an insured to sign under oath a summary of his claim of loss.  The insured is required to provide the actual cash value of the property at the time of loss as well as the replacement cost of the property.  The insured is also required to state his interest in the property and whether any other person, including a mortgagee, lienholder or other, holds an interest in that same property.  Moreover, the insurance policy expressly states that compliance with this provision is a condition precedent to action against the insurer; because Plaintiff did not comply with this provision, under the plain terms of the insurance policy Plaintiff is prohibited from bringing suit against Defendant.

*Id,* at *3.

Here, the plain and unambiguous Policy provisions quoted above required Plaintiff to submit proof of her claim in order to recover.  Moreover, those clear terms provided that Plaintiff could not sue under the Policy unless all its terms were complied with.  Yet, contrary to these provisions, Plaintiff has not alleged, because she cannot, that she complied with her Policy's proof of loss requirement, which bars her lawsuit.  Indeed, Plaintiff expressly alleges her lack of compliance with the Policy terms:  "Because the PIP Policy did not contain information about her eligibility to recover medical mileage reimbursements and because Defendant never otherwise advised or informed her of that coverage, the Plaintiff did not request such medical mileage reimbursement from the Defendant."  (Compl., ¶ 13.)  Plaintiff's apparent belief that she was somehow excused from submitting a claim or proof of loss for the coverage she seeks because Allstate Fire did not tell her about that coverage is unavailing.

First, as fully set forth above, Allstate Fire had no legal obligation to provide Plaintiff with any information about PIP coverage beyond what it provided her via its compliance with the Florida statutorily prescribed PIP Notification Form.  Second, demonstrated above, not only did Allstate Fire provide Plaintiff with the Florida statutorily required PIP disclosures, Plaintiff's PIP

coverage grant also described the PIP benefits available and told Plaintiff that Allstate would pay for "reasonable expenses,' which Plaintiff herself alleges here medical mileage fees were.  Indeed, in this regard, the law is well settled that each person is presumed to know the law.  *See, e.g., Pittsburg & L.A. Iron Co. v. Cleveland Iron Min. Co.*, 178 U.S. 270, 278 (1900) ("Everyone is presumed to know the law."); *In re Will of Martell*, 457 So. 2d 1064, 1068 (Fla. 2d DCA 1984) ("each person is presumed to know the law") (citation omitted); *Guemes v. Biscayne Auto Rentals, Inc.,* 414 So. 2d 216, 218 n. 4 (Fla. 3d DCA 1982) (same principle).  Plaintiff was therefore presumptively aware of any laws entitling her to PIP reimbursement for medical mileage, and she could and should have submitted a proof of loss for such coverage but failed to do so.

Because Plaintiff failed to submit a proof of loss, and sued Allstate Fire without complying with her Policy's proof of loss requirement, she has no valid breach of contract claim. And, for all the reasons set forth above, since Allstate Fire had no duty to specifically disclose the PIP mileage issue, all Plaintiff's other theories of liability fail as well.

Relatedly, to state a valid cause of action for breach of contract, Plaintiff must plead: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach.  *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006).  Courts have held that where, as here, a plaintiff fails to identify any express contractual term that the defendant supposedly breached, the breach of contract claim fails as a matter of law.

For example, in *Silver v. Countrywide Home Loans, Inc.,* 760 F. Supp. 2d 1330, 1344 (S.D. Fla. 2011), *aff'd,* 2012 WL 2052949 (11th Cir. June 8, 2012)*,* the plaintiff alleged the defendant lender fraudulently induced her to enter into a mortgage and then misled her about a loan.  The *Silver* court dismissed the plaintiff's breach of contract claim, explaining:

11

> Aside from a claimed breach of the forbearance agreement, *Silver does not allege breach of an express contractual term*, but instead avers that Countrywide acted in bad faith by mishandling the Mortgage Loan, apparently when it failed to restructure or modify her loan.  [DE 78 at 11].  However, *Countrywide had no contractual obligation to restructure or modify Silver's loan.  Nor does Silver allege such an express contractual provision.  Thus, there was no breach of contract based on these events.*

760 F. Supp. 2d at 1345 (emphasis added).

The court dismissed a breach of contract claim for similar reasons in *Dunkin' Donuts Franchised Restaurants LLC v. Colonial Donuts, Inc*., No. 07cv573, 2007 WL 1839421 (M.D. Fla. June 26, 2007).  The court explained:  "While Colonial Donuts argues that the allegations in Count I are sufficient to place Dunkin' Donuts on notice of its [breach of contract] claim, the Court disagrees.  Count I fails to specify which contractual provisions were allegedly breached."  *Id.,* *2.  The court held that "[a]ccepting Colonial Donuts's allegations as true, the Court finds that without alleging that Dunkin' Donuts violated a specific provision of the Amended Settlement Agreement, Colonial Donuts has failed to state a claim for breach of contract."  *Id.*

This case is no different.  Plaintiff's Complaint refers only conclusorily to Allstate Fire's purported breach of Plaintiff's insurance contract, *not* to any specific term Allstate Fire supposedly breached.  (Compl. at p. 5.)  Absent any allegation that Allstate Fire violated a specific provision of the insurance contract, Plaintiff has failed to state a valid claim for breach of contract.  Indeed, no such allegations would be possible, since Allstate Fire promised to pay for reasonable PIP expenses submitted with a proof of loss, and there is no allegation that Allstate Fire failed to pay any reasonable PIP expenses for which Plaintiff submitted a proof of loss.

Moreover, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing falls with her breach of contract claim, so, apart from failing for all the reasons discussed

above, that claim is subject to dismissal on this ground as well.  *See, e.g., iRenew Bio Energy Sols. LLC v. Harvest Direct, LLC,* No. 12-CV-81109, 2013 WL 12142322, at *4 (S.D. Fla. May 21, 2013) ("Since Plaintiff failed to state a claim for breach of contract under Florida law, it cannot set forth a claim for a breach of the implied covenant of good faith and fair dealing.").

## III.   PLAINTIFF FAILS TO ALLEGE SHE COMPLIED WITH THE STATUTORY PRE-SUIT DEMAND REQUIREMENT, SUBJECTING ALL HER CLAIMS TO DISMISSAL.

Apart from Plaintiff's failure to comply with her Policy's proof of loss requirement, Plaintiff fails to allege she sent the required pre-suit demand letter to Defendants prior to filing this lawsuit.  That failure defeats all her claims.

Under Florida law, as a condition precedent to filing any lawsuit for PIP benefits (which this lawsuit clearly is) a plaintiff must send a written notice of intent to initiate litigation.  *See, e.g.,* Fla. Stat. Ann. § 627.736(10)(a) ("As a condition precedent to filing any action for benefits under this section, written notice of an intent to initiate litigation must be provided to the insurer.").

The pre-suit notice is mandatory.  As one court explained:

> The [Select Committee on Automobile Insurance/PIP Reform] concluded that the 2001 reforms, including the pre-suit demand letter requirement, "did not go far enough in attacking the problems of fraud and abuse occurring within the PIP system."  (*Id.* at p. 2.)  The Committee recommended, among other things, expanding the provisions of the pre-suit demand letter requirement, making them applicable to all PIP disputes and increasing the time for insurers to respond to the letter.  (*Id.* at p. 9.)  The Legislature acted on these recommendations, considering and passing Senate Bill # 32 during the 2003 session.  *This bill, in accordance with the Committee's recommendations, expanded the pre-suit demand letter provision by making it applicable to all actions under the PIP statute* and increasing the time to fifteen calendar days within which an insurer may respond to the demand letter.

*Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1287 (S.D. Fla. 2007) (emphasis added).  *See also South Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) ("Under Florida law, a party seeking to file a suit to recover PIP benefits must first submit a pre-suit demand letter to the insurer for payment of benefits.").

The PIP pre-suit demand requirement's salutary purpose is to prevent unnecessary litigation by giving insurers an opportunity to cure any failure to pay owed PIP expenses.  Yet, Plaintiff's Complaint is devoid of any allegations that she gave Defendants this chance by complying with this statutorily mandated requirement.  That is yet another reason why dismissal is warranted here.

## IV.   PLAINTIFF'S CLAIMS AGAINST THE NON-WRITING COMPANY DEFENDANT SHOULD BE DISMISSED.

In all events, Plaintiff's claims against Allstate Insurance Company, an entity with whom she has no business relationship, should be dismissed.  "Plaintiffs who lack standing to sue cannot acquire that status through class representation.  When no controversy exists between the Plaintiffs and any Defendants with whom the Plaintiffs have not dealt, standing to sue those Defendants is lacking, even though the Plaintiffs may purport to bring the action on behalf of a class which might include persons who had dealt with those Defendants." *In re Jackson*, No. 87-10019, 1990 WL 10625270, at *2 (Bankr. S.D. Ga. June 5, 1990) (further stating "As the sole purported class representative, the Plaintiff Bernestine Jackson holds a claim against only one member of the Defendant class, Davis Furniture Company.  Mrs. Jackson does not have standing to sue the other four named Defendants and dismissal of the class action suit as to them is appropriate.").  In this regard, courts have held that related insurance entities that did not actually

issue the relevant insurance policy -- here, Allstate Insurance Company since only Allstate Fire issued Plaintiff's Policy (*see* Exhibit C hereto) -- are not proper defendants in this type of case.

For example, in *Johnson v. Geico Cas. Co.,* 673 F. Supp. 2d 244, 254 (D. Del. 2009), the plaintiffs, Anderson and Johnson, were insured under automobile policies issued by defendants Government Employees Insurance Company and GEICO Indemnity, respectively. The injury the plaintiffs alleged was the denial of benefits under the insurance contracts due to defendants' "arbitrary, unreasonable, unjust, unfair, fraudulent, deceptive, and otherwise wrongful and illegal conduct." *Id.* The court dismissed the claims as to the non-writing defendants:

> Assuming Plaintiffs have suffered this injury-in-fact, a causal connection between that injury and GEICO Casualty and GEICO General must exist. In other words, "the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court.'" *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130 (citations omitted). The Court concludes this requirement is not met, because even if GEICO Casualty and GEICO General engaged in the arbitrary and unreasonable denial of benefits, Plaintiffs' injuries are not traceable to that conduct. Rather, Plaintiffs' alleged injuries are traceable to Government Employees Insurance Company and GEICO Indemnity, the insurance companies which issued their policies.

*Id.*

In *NBL Flooring, Inc. v. Trumbull Ins. Co.,* No. CIV. A. 10-4398, 2014 WL 317880 (E.D. Pa. Jan. 28, 2014), the court dismissed Hartford Financial Services Group from the case because Trumbull Insurance Company, an affiliate, was the only entity (like Allstate Fire here) that actually issued the relevant insurance policy. The court stated it did "not find that the use of the term The Hartford (or the stag logo) creates ambiguity with regard to the identity of the insurer. The policies [as here] clearly state that Trumbull is the insurer, and the use of the term The Hartford and the stag logo simply indicate that Trumbull is associated with The Hartford brand."

US_Active\113442323\V-1

*Id.,* \*3.  The *NBL Flooring* court thus rejected the theory that defendants, even if in the same corporate family, are properly sued where they did not issue the applicable insurance policy. Other courts have also so held.  *See, e.g., Shin v. Esurance Ins. Co.,* No. C8-5626 RBL, 2009 WL 688586, \*4 (W.D. Wash. Mar. 13, 2009) ("in the context of a class action, at least one named plaintiff must have standing for each claim.  Ms. Shin has not alleged any relationship or contact with either EPCIC or EI."); *Perez v. State Farm Mut. Auto. Ins. Co.,* No. C 06-01962 JW, 2011 WL 5833636, \*2 (N.D. Cal. Nov. 15, 2011) ("Plaintiffs do not allege that they bought any insurance policies from any of the Moving Parties, it follows that Plaintiffs did not suffer any injury due to the conduct of the Moving Parties, which means that Plaintiffs lack Article III standing to bring a case against the Moving Parties.").

Plaintiff has made what appears to be a half-hearted attempt to plead around this problem by including common business practice allegations.  (Compl., ¶ 5 (referring to Defendants as being part of the "Allstate Corporation" and offering "Allstate PIP Policies.").)  These allegations however, are even weaker than those repeatedly rejected by the courts in this context.

For example, the court in *Shin*, 2009 WL 688586, at \*5, held "Ms. Shin's amended complaint asserts that she has standing against all four named Defendants because they are inter-related and alter-egos of each other.  Specifically, she cites agreements between the Defendants to set *common claim handling practices*, and *pooled labor resources.  These allegations are insufficient to establish standing.*"  2009 WL 688586, \*5 (emphasis added).  The "Court refuse[d] to embrace the notion that all related companies may be haled into court for the actions of one [or in this case two] of those inter-related, but distinct, companies merely because they have agreed on common practices."  *Id.* (further stating the "purported fact that the companies share employees does not change the undeniable fact that they are still separate companies.  *Ms. Shin's*

*claims that the companies are alter-egos of each other do not* [as here] *adequately allege that the corporations are so intricately linked* that the separateness of the corporation has ceased to exist.") (emphasis added). *See also Hovenkotter v. Safeco Corp.*, No. C09-218JLR, 2009 WL 6698629, *2-5 (W.D. Wash. Aug. 3, 2009) (where the plaintiff alleged his injuries were linked to each defendant based on the defendants' "centralized processes" for handling diminished value insurance claims, and that each defendant "form[ed] a single enterprise," rejecting argument that non-writing entities were proper defendants; "Mr. Hovenkotter fails to establish a right to hale Safeco America and Safeco Corporation into court on the basis that they employ the same or similar tactics as the company that allegedly injured Mr. Hovenkotter: Safeco."); *Fosmire v. Progressive Max. Ins. Co.,* No. C10–5291JLR, 2010 WL 3489595, *3 (W.D. Wash. Aug. 31, 2010) (same principle; court rejected as insufficient to establish standing allegations that all the defendants in that case shared "common leadership, pooling interests and management."); *Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 76 (S.D.N.Y. 1986) (rejecting "Angel Music's claim that the alleged common industry practice of ignoring the need to obtain synchronization rights licenses provides a juridical link between members of the defendant class which obviates the need for a direct injury to the named plaintiff.") (footnote omitted); *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2015 WL 5086388, at *3 (N.D. Ill. Aug. 19, 2015) (citing principle that "a plaintiff must allege that a defendant—the very defendant sued—has somehow wronged her in a legally cognizable way," noting plaintiffs' complaint was deficient in this regard, and rejecting argument that plaintiffs' allegations of "Defendants' common policy, plan or practice" were sufficient to overcome the problem).

The allegations of common conduct here are nowhere near as detailed as the insufficient allegations in the above cases.  Accordingly, as the above authorities held, all Plaintiff's claims against Allstate Insurance Company, which did not insure Plaintiff here, should be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request this Court to enter an Order dismissing Plaintiff's Complaint, in its entirety, with prejudice and without leave to amend, or, in the alternative, to dismiss Defendant Allstate Insurance Company from this lawsuit.

Dated: October 18th, 2019                    Respectfully submitted,


By: /s/ Monica L. Irel, Esq.
    Monica Irel
    Florida Bar No. 142395
    DENTONS US LLP
    10700 N. Kendall Drive
    Suite 303
    Miami, FL 33176
    305-537-0008
    monica.irel@dentons.com

    Counsel for Defendants

US_Active\113442323\V-1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of October, 2019, a true and correct of the foregoing was electronically filed and served via transmission of Notices of Electronic Filing generated by the CM/ECF on all counsel or parties of record.

<u>/s/ Monica L. Irel, Esq.</u>
Monica Irel, Esq.

US_Active\113442323\V-1