UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62536-BLOOM/Valle

CHRISTINE FORDE,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY
INS. CO.,

    Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court on the Defendant Allstate Fire and Casualty Insurance Company's ("Defendant") Motion to Dismiss (the "Motion"). ECF No. [7]. The Court has reviewed the Motion, the opposing and supporting briefs, the record and applicable law, has considered the arguments presented at the December 12, 2019 hearing (the "Hearing"), and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

## I. BACKGROUND

Plaintiff Christine Forde ("Plaintiff") initiated this lawsuit in the Circuit Court of the Seventeenth Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2] ("Complaint"). The action was subsequently removed to federal court on October 11, 2019. ECF No. [1]. In the Complaint, Plaintiff first alleges that Florida law requires that insurers providing Personal Injury Protection ("PIP") benefits under Florida policies of insurance must provide their insureds mileage reimbursement for their travel to and from PIP-covered medical treatments and visits. ECF No. [1-2], at ¶ 1.

Plaintiff is an insured under a contract of insurance with the Defendant. *Id.* at ¶ 4. Plaintiff claims that on or about August 12, 2016, she purchased a Personal Injury Protection ("PIP") policy from the Defendant. *Id.* at ¶ 6. Plaintiff's policy number was 971662705 and the policy's coverage period extended from August 12, 2016 through February 12, 2017. *Id.* Defendant has attached Plaintiff's policy for insurance to its Motion. *See* ECF No. [7-1] -[7-3] (the "Policy").[1]

Plaintiff alleges that the Policy "did not contain any language informing the Plaintiff that she was entitled to mileage reimbursement for visits to medical professionals for personal injuries" covered by her Policy. *Id.* at ¶ 7. Plaintiff also claims that none of the Defendant's agents informed her that she was entitled to mileage reimbursement for visits to medical professionals for personal injuries cover by the Policy. *Id.* at ¶ 8. Plaintiff alleges that upon information and belief, none of the Defendant's advertising or promotional materials advised Plaintiff, or any other of the Defendant's insureds, of any entitlement to such coverage. *Id.* at ¶ 9.

Plaintiff alleges that she was injured in an automobile accident on November 23, 2016, and as a result, made numerous trips to medical providers. *Id.* at ¶¶ 11, 12. The Policy did not contain information about her eligibility to recover medical mileage reimbursements. *Id.* at ¶ 13. Plaintiff contends that because she was not aware of her eligibility to recover medical mileage reimbursement and because the Defendant did not otherwise advise or inform her of that coverage, she did not request that such mileage be recovered or reimbursed. *Id.*

Plaintiff alleges that upon information and belief, Defendant collected premiums for, and

---

[1] In ruling on a motion to dismiss, the Court is generally "limited to the four corners of the complaint . . . and any documents referred to in the complaint which are central to the claims." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citations omitted). A defendant may also attach such central documents to its motion to dismiss without converting the motion into a motion for summary judgment. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Here, because the Policy is clearly central to the Plaintiff's claims, the Court may also consider it in rendering its ruling on the instant Motion.

issued thousands of, PIP policies during the relevant period, none of which contained language notifying its insureds of entitlement to medical mileage reimbursement, nor did the Defendant inform them of entitlement to such relief. *Id.* at ¶¶ 14, 15. Therefore, Plaintiff claims that Defendant has wrongfully not paid and retained, "tens, if not hundreds, of millions of dollars in mileage reimbursements to which [Defendant's] PIP policyholders were entitled." *Id.* at ¶ 16.

Plaintiff alleges that Defendant's PIP claim processing systems are set up to process medical mileage reimbursements to all PIP claimants; however, Defendant made no medical mileage reimbursement payments to Plaintiff or any other PIP policyholder. *Id.* at ¶ 17.

Plaintiff asserts eight causes of action against the Defendant, including Breach of Contract (Count I); Breach of Implied Contractual Covenant of Good Faith and Fair Dealing (Count II); Unjust Enrichment (Count III); Breach of Fiduciary Duty (Count V [*sic*]); Violations of Florida Statute §6 26.9541 (Count VI [*sic*]); Fraud (Count VII [*sic*]); Negligent Misrepresentation (Count VIII [*sic*]); and Declaratory Judgment (Count IX [*sic*]). *See generally* ECF No. [1-2].

Defendant has now moved to dismiss the Complaint for failing to a state claim under Federal Rules of Civil Procedure 12(b)(6) and Rule 8. *See generally* ECF No. [7].

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on

"'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b)(6) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005).

### III. DISCUSSION

In its Motion, Defendant argues that dismissal is appropriate on several grounds. First, Defendant argues that the Complaint should be dismissed with prejudice because, contrary to

4

Plaintiff's allegations, Florida law does not require that it specifically disclose that insureds may seek reimbursement for medical mileage reimbursement. Therefore, the entirety of the Plaintiff's Complaint fails as a matter of law. ECF No. [7], at 4-8. Second, Defendant argues that all of Plaintiff's claims fail because she did not satisfy her policy's proof of claim requirement. *Id.* at 8-13. Third, Defendant claims that Plaintiff's Complaint fails to allege that she complied with the statutory pre-suit demand requirement, which subjects all her claims to dismissal. *Id.* at 13-14. Lastly, Defendant argues that Defendant Allstate Insurance Company should be dismissed because the Plaintiff has no business relationship with this Defendant, and therefore lacks standing to sue Defendant Allstate Insurance Company.[2] *Id.* at 14-17.

The entirety of Plaintiff's Complaint is premised on the Defendant's alleged failure to notify Plaintiff of her eligibility for reimbursement for her mileage incurred going to and from medical appointments (herein referred to as "Medical Mileage"). Defendant, however, argues that no such requirement exists under Florida Law. Florida Statute § 627.7401, entitled "Notification of Insured's Rights," states in relevant part:

> (1) The commission, by rule, shall adopt a form for the notification of insureds of their right to receive personal injury protection benefits under the Florida Motor Vehicle No-Fault Law. Such notice shall include:
> (a) A description of the benefits provided by personal injury protection, including, but not limited to, the specific types of services for which medical benefits are paid, disability benefits, death benefits, significant exclusions from and limitations on personal injury protection benefits, when payments are due, how benefits are coordinated with other insurance benefits that the insured may have, penalties and interest that may be imposed on

---

[2] After the filing of the instant Motion, Plaintiff voluntarily dismissed Defendant Allstate Insurance Company, and an order dismissing that Defendant was subsequently entered on November 25, 2019. *See* ECF Nos. [19], [21]. Therefore, Defendant's last argument for dismissal in the instant Motion is rendered moot.

5

> insurers for failure to make timely payments of benefits, and rights of parties regarding disputes as to benefits.
>
> . . .
>
> (2) Each insurer issuing a policy in this state providing personal injury protection benefits must mail or deliver the notice as specified in subsection (1) to an insured within 21 days after receiving from the insured notice of an automobile accident or claim involving personal injury to an insured who is covered under the policy. The office may allow an insurer additional time to provide the notice specified in subsection (1) not to exceed 30 days, upon a showing by the insurer that an emergency justifies an extension of time.

Fla. Stat. § 627.7401. Notably, Section 627.7401 states that the commission shall "adopt a form for the notification of insureds of their right to receive personal injury protection benefits under the Florida Motor Vehicle No-Fault Law." *Id.* In the Defendant's Motion, it argues that it used the form adopted by the commission and located on the Florida Department of Insurance's website. Moreover, that form was sent to the Plaintiff. ECF No. [7], at 5. Those facts were not disputed by the Plaintiff in her opposition nor at the Hearing. Therefore, Defendant argues that it made all the *required* disclosures because it recited all the required disclosures in the statutory notification form, even if it did not specifically disclose that insureds would be entitled to Medical Mileage reimbursement. *Id.* While Defendant concedes that Medical Mileage reimbursement was not specifically disclosed to the Plaintiff, it nonetheless argues that it has complied with Florida law by making all the required disclosures proscribed in the form.

Plaintiff, however, argues that while the form adopted by the commission does not include Medical Mileage reimbursement as a necessary disclosure, Defendant was nonetheless required to disclose such a reimbursement because Florida law has established that payment of mileage for traveling to and from necessary medical visits constitutes a "reasonable expense" as contemplated

by Section 627.736(1)(a).[3] ECF No. [18], at 6. Plaintiff principally relies on three cases in making this assertion, *Hunter v. Allstate Ins. Co.*, 498 So. 2d 514 (Fla. Dist. Ct. App. 1986), *Malu v. Sec. Nat. Ins. Co.*, 898 So. 2d 69 (Fla. 2005), and *Allstate Ins. Co. v. Smith*, 902 P.2d 1386 (Colo. 1995). *See generally* ECF No. [18]. As discussed below, all three cases, hold, however, that the payment of Medical Mileage is a reasonable expense recovered under the PIP statute, not that such benefit needs to be disclosed by the insurer. In addition, while each case supports that the defendant may be required to reimburse Plaintiff for Medical Mileage costs incurred, Plaintiff never made a request here that was denied.

In *Hunter v. Allstate Ins. Co.*, the court held that "reasonable expenses" for medical services under the PIP statute included the cost of auto transportation. The court based its reasoning on the fact that the workers' compensation statute, section 440.13(5), Florida Statutes (1985), included the "reasonable actual cost of transportation to and from the doctor's office, hospital or other place of treatment." The court also noted that even before the workers' compensation statute included transportation expenses, the Supreme Court of Florida had interpreted that statute to include reasonable travel expenses in *Mobley v. Jack & Son Plumbing,* 170 So.2d 41 (Fla.1964). Based upon that reasoning, the Hunter court determined that in PIP claims the cost of transportation

---

[3] Florida Statutes, § 627.736 requires 80% payment of all reasonable expenses for medically necessary services. *See* Fla. Stat. § 627.736 (1)(a) ("An insurance policy complying with the security requirements of s. 627.733 must provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in the motor vehicle, and other persons struck by the motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to subsection (2) and paragraph (4)(e), to a limit of $10,000 in medical and disability benefits and $5,000 in death benefits resulting from bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows: (a) *Medical benefits*.--Eighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices and medically necessary ambulance, hospital, and nursing services if the individual receives initial services and care pursuant to subparagraph 1. within 14 days after the motor vehicle accident . . .").

incurred in connection with reasonable and necessary medical treatment was a reimbursable medical benefit under Florida Statute § 627.736(1)(a). *See Hunter*, 498 So. 2d at 516. *Hunter*, however, did not address the issue of whether insurance companies were required to disclose that Medical Mileage was reimbursable by their insureds.

Next, in *Malu*, the plaintiff filed a class action arguing that the amount approved by the insurance company for her claim for mileage reimbursement was less than the reasonable expense she was entitled to under the PIP statute. *See Malu*, 898 So. 2d at 71. In that case, and consistent with *Hunter*, the Florida Supreme Court held that the PIP statute required that an insured be reimbursed for transportation costs incurred in connection with medical treatment that is medically necessary. *Id.* at 69. *Malu*, however, again did not address the issue of whether an insurer was required to disclose the Medical Mileage reimbursement entitlement to its insureds.

Finally, in *Allstate Ins. Co. v. Smith*, the Supreme Court of Colorado affirmed the appellate court's reversal of the trial court's order holding that an insurer was not obligated to pay an insured's expenses incurred in traveling to and from medical providers for treatment sustained in an automobile accident. *Allstate Ins. Co.*, 902 P.2d at 1386. As with *Hunter* and *Malu*, the *Smith* court did not address the issue of requiring disclosure to insureds of their entitlement to Medical Mileage reimbursement.

Following a close review of each of the cases relied upon by the Plaintiff, the Court does not find that an insurer is legally required to disclose that its insured is entitled to Medical Mileage reimbursement. Certainly, the caselaw supports the finding that it is an expense that constitutes a reasonable expense and eligible for reimbursement as contemplated by the PIP statute. However, the critical distinction between those cases and the facts alleged here is that the claimants in *Hunter*, *Malu* and *Smith* each sought reimbursement of Medical Mileage from the insurance

company before suit was filed. Here, no such claim has been made by the Plaintiff. As such, the Court sees a critical difference between those cases imposing a duty to reimburse and the case at bar. A more expansive reading of those cases, as urged by the Plaintiff, would impose a duty to disclose potential PIP coverage for such costs where that duty to disclose does not exist in the law.

Moreover, the Plaintiff's reliance upon *Weber v. State Farm Mut. Auto Ins. Co.*, 873 F. Supp 201 (S.D. Iowa 1994) and *Salas v. Mountain States Mut. Cas. Co.*, 202 P. 3d 801 (N.M. 2009) are misplaced. In *Weber*, the court found that an insurance company had a duty to disclose the existence of third-party coverage under the insurance policy's uninsured motorist provision during a telephone conversation with the passenger of the vehicle. The coverage existed under the policy's uninsured motorist provision as a result of a decision by the Iowa supreme court but the coverage was not disclosed, even though there was a meeting that included a discussion of insurance coverage. In finding that the defendant had a duty to disclose the existence of coverage, the court focused on the insurance company's concealment of matters known to it and unknown to the passenger. Moreover, in *Salas*, the court found that the insurance company breached it duty of disclosure to a passenger who was unaware of the availability of coverage. There, the passenger did not receive a copy of the policy and was unaware of a consent-to-settle exclusionary provision in the policy that would have afforded the passenger benefits. Here, in contrast, the allegations do not support a concealment of coverage. Rather, the Plaintiff's policy expressly provided PIP coverage for "reasonable expenses" that, under settled law by the Supreme Court of Florida in *Malu v. Security Nat'l Ins. Co., supra,* would have included medical mileage reimbursement had the claim been submitted by the Plaintiff.

Nor does the law require the Defendant to set forth an exhaustive list of items that may be a reimbursable expense under the PIP statute. Rather, Florida law, as set forth in § 627.7401, solely

requires that the Defendant make the necessary disclosures that are articulated in the commission's form. Defendant contends, and Plaintiff does not dispute, that it has made such disclosures.

While it may very well be a better "business practice" to inform its insured of all benefits she may be able to be recover under the PIP statute and under certain PIP policies, nothing under Florida law requires the disclosure by insurers of the Medical Mileage reimbursement entitlement, and the Court is constrained by the law. The Court, therefore, agrees with the Defendant that the central theory for liability, which the entirety of Plaintiff's Complaint rests—that the Defendant was required by Florida law to disclose that its insureds are entitled to Medical Mileage reimbursement—fails as a matter of law. As such, all of Plaintiff's claims must be dismissed with prejudice. Because the Court finds Defendant's first argument for dismissal dispositive, it need not address the additional grounds raised.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [7]**, is **GRANTED**.
2. The Complaint, **ECF No. [1-2]**, is **DISMISSED** *with prejudice*.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, All pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.
4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 17, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 19-cv-62536-BLOOM/Valle

Counsel of Record